**Slip Op. 09-104**

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**NATIONAL FISHERIES INSTITUTE, INC., ET AL.**,

       Plaintiffs,

       v.

**UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION**,

       Defendant.

</td><td>

**Before: Timothy C. Stanceu, Judge**

**Court No. 05-00683**

</td></tr>
</table>

## OPINION AND ORDER

[Denying defendant's motion seeking clarification and modification of court's order of remand]

Dated: September 25, 2009

*Steptoe & Johnson LLP* (*Eric C. Emerson*, *Gregory S. McCue*, and *Michael A. Pass*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Chi S. Choy*, Customs and Border Protection, United States Department of Homeland Security, of counsel, for defendant.

Stanceu, Judge: Defendant United States moves for clarification of the court's order ("Opinion and Order") in *National Fisheries Institute, Inc. v. United States*, 33 CIT __, Slip Op. 09-89 (Aug. 25, 2009) ("*National Fisheries*"). Def.'s Mot. for Clarification 1 ("Def.'s Mot."). Plaintiffs oppose defendant's motion on various grounds. Pls.' Opp'n to Def.'s Mot. for Clarification. The court concludes that defendant's motion, although styled as a motion for

clarification, seeks a modification of the Opinion and Order. For the reasons stated herein, the court concludes that the modification defendant seeks is unnecessary and unwarranted.

Defendant directs its motion to the court's having ordered United States Customs and Border Protection ("Customs" or the "Agency"), "during the remand period or during a reasonable time thereafter," to cancel each of plaintiffs' bonds that have a liability limit determined according to the enhanced bonding requirement that the court has held to be unlawful. *Nat'l Fisheries*, 33 CIT at __, Slip Op. 09-89, at 61.[1] The "remand period" is a period of sixty days from August 25, 2009, the date of the Opinion and Order,

> during which remand period Customs shall effect, in accordance with this Opinion and Order, an individual redetermination of the limit of liability on each individual continuous entry bond at issue in this action without application of the enhanced bonding requirement unless it chooses to cancel all liability on a bond outright, as provided in this Opinion and Order.

*Id.* Because the court directed Customs to file the results of its redeterminations upon remand within sixty days of the date of the Opinion and Order, the remand redeterminations are due on October 26, 2009.

In its motion, defendant requests that the court "make clear that United States Customs and Border Protection ('CBP') need not cancel any existing continuous entry bonds until after there is a final and conclusive judgment in this case." Def.'s Mot. 1. Defendant expresses a

_____

[1] In *National Fisheries Institute, Inc. v. United States*, the court ordered that Customs, in accordance with this Opinion and Order, shall accomplish each individual bond redetermination under this Opinion and Order for the purpose of allowing a plaintiff who is a principal on a bond to replace that bond with a superseding bond at a limit of liability that was not determined according to the enhanced bonding requirement, regardless of whether such bond is a current bond or a bond applying to a previous time period.
*Nat'l Fisheries Institute, Inc. v. United States*, 33 CIT __, __, Slip Op. 09-89, at 61 (Aug. 25, 2009).

concern that "cancellation of the existing bonds before issuance of any final and conclusive judgment in this matter may render moot our right to appeal" and that "any action that the Government takes to preserve its rights on appeal might be considered to violate the Court's remand order." *Id.* at 5. Defendant requests specifically that the court "substitute the words, 'during a reasonable time thereafter'" with the words "'within 60 days of any final and conclusive judgment in this matter.'" *Id.* at 7. The language proposed by defendant would make a substantive change in the Opinion and Order. Therefore, defendant's motion must be considered as a motion for modification of the Opinion and Order rather than a motion for clarification.

Because the Opinion and Order provided that bond cancellations must be effected during the remand period "or during *a reasonable time thereafter*," there is no need for a clarification of the Opinion and Order to communicate the essential point that Customs may cancel, but is not required to cancel, any bond *prior to* filing its remand redeterminations on October 26, 2009. *Nat'l Fisheries*, 33 CIT at __, Slip Op. 09-89, at 61 (emphasis added). Nothing in the Opinion and Order precludes Customs from informing the court, in the remand redeterminations, of a commitment on the part of the Agency to cancel a particular bond or bonds at a specific time. When the court views the Agency's remand redeterminations, the court will be in a position to consider any statement that Customs chooses to make in the remand redeterminations on when Customs intends to cancel any of plaintiffs' bonds that may remain in effect as of the date of filing of the remand redeterminations. Whether or not Customs provides such a statement or, alternatively, indicates that it has no intention to cancel, prior to a final and conclusive judgment, any bonds that remain in effect, the court will have the opportunity to take the Agency's remand

redeterminations into consideration in fashioning a judgment or otherwise resolving issues remaining in this case. For these reasons, the court considers it premature to address at this time the question of whether any bonds that Customs does not cancel during the remand period, or commits to cancel within a brief and specific time period following the close of the remand period, will be required to be canceled prior to a final and conclusive judgment in this case. The court will consider this question promptly upon receiving the Agency's remand redeterminations. Additionally, because Customs was not directed to cancel any bond during the remand period, the issue defendant raises as to possible mootness of its right to appeal is also premature.

The subject matter of the court's remand affects unresolved issues that should be addressed expeditiously. Accordingly, it is important that Customs comply with the October 26, 2009 due date. In its motion, defendant does not indicate that Customs will be unable to comply with this due date. The court does not intend to approve an extension of the due date absent a showing of due diligence and compelling circumstances.

The court believes it appropriate to redirect defendant's attention to several matters discussed in the Opinion and Order. As the court stated, "plaintiffs have been subjected to bond sufficiency determinations that they have demonstrated in this litigation to be contrary to law" and that "cannot be allowed to stand." *Nat'l Fisheries*, 33 CIT at __, Slip Op. 09-89, at 56. The court also concluded that "[t]he setting aside of the unlawful bond sufficiency determinations, standing alone, is a hollow act that provides plaintiffs no remedy absent action taken on the underlying continuous entry bonds." *Id.* The court observed that "[t]hroughout this litigation, Customs steadfastly has refused to provide any relief as to these previous bonds, even though it has had multiple opportunities to do so during the course of this litigation and even though it now

has discontinued the enhanced bonding requirement." *Id.* at __, Slip Op. 09-89, at 56-57. The court observed, further, that "[t]he continued refusal of Customs to address the problem of the previous bonds has resulted in inequitable treatment of long-time importers, such as plaintiffs, relative to new importers who were never subject to the unlawful enhanced bonding requirement." *Id.* at __, Slip Op. 09-89, at 58. The intention of Customs regarding the length of time that it intends to allow the consequences of its past unlawful bond sufficiency determinations to remain in effect in the form of un-canceled bonds is an important consideration in this case. The court therefore must view the time frame for cancellation of existing bonds as a factor in fashioning a judgment or other remedy.

The court will deny defendant's motion for the reasons stated above. In addition, the court has not yet ruled on plaintiffs' motion for a permanent injunction or had the opportunity to consider whether the remand that it has ordered in this case "may obviate the need for a permanent injunction in the future by resolving expeditiously the remaining issues in this case." *Id.* at __, Slip Op. 09-89, at 53. Thus, the pendency of plaintiffs' motion for a permanent injunction is an independent reason supporting the denial of defendant's motion to modify the Opinion and Order.

For the reasons discussed herein, and in consideration of defendant's motion, plaintiffs' reply, and all proceedings herein, it is hereby

**ORDERED** that Defendant's Motion for Clarification be, and hereby is, DENIED.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: September 25, 2009
New York, New York